UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA SANTANA,

    Plaintiff,                                   Case No. 15-cv-12017
                                            Hon. Matthew F. Leitman

v.

CAMP BRIGHTON,

    Defendant.
_____/

## ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (ECF #1)

## INTRODUCTION

Plaintiff Yolanda Santana ("Santana") is in the custody of the Michigan Department of Corrections. On June 3, 2015, Santana filed a *pro se* civil-rights Complaint in this Court (the "Complaint"). (*See* ECF #1.) Santana appears to allege that she was exposed to contaminated water while housed at the Camp Brighton facility. (*See id.* at 3, Pg. ID 3.) She names a single defendant, Camp Brighton. (*See id.*) For the reasons stated in this Order, the Court **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

1

## ANALYSIS

On July 24, 2015, the Court granted Santana's application to proceed *in forma pauperis* in this matter. (*See* ECF #7.) Under the Prison Litigation Reform Act (the "PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service of a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In order to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). A *pro se* complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Santana's entire Complaint, in which she attempts to state a civil-rights claim, states as follows:

> I was being housed at a [sic] M.D.O.C. prisoner camp. I was exposed to contaminated water. (Can't remember exact date or year, please check [roster]).
>
> I was exposed to drinking contaminated water which effected [sic] my physical health (such as liver and kidney). It made me sick and break [sic] out in rashes.
>
> I was exposed to drinking contaminated water which effected [sic] my mental state causing me to have anxiety and having to talk to a therapist.
>
> I want the Defendant to be held responsible for their [sic] actions and I would like to receive monetary damages for having to

3

>    receive mental and medical help because of this.

(Compl. at 2-4, Pg. ID 2-4.)

In her Complaint, Santana names Camp Brighton as the sole Defendant in this action. That prison facility, however, was an institution operated by the Michigan Department of Corrections and is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections*, 65 Fed. App'x 922, 923 (6th Cir. 2003) ("the [Michigan Department of Corrections] is not a 'person' within the meaning of 42 U.S.C. § 1983"); *Hix v. Tennessee Dept. of Corrections,* 196 Fed. App'x 350, 355–356 (6th Cir. 2006) (and cases cited therein) (holding that neither the state department of corrections, as an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983); *see also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890 (E.D. Va.) (reasoning local jails are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 action). Indeed, this Court has recently dismissed two lawsuits brought by other prisoners against Camp Brighton – similar to the one Santana has filed here – on the basis that Camp Brighton cannot be sued under § 1983. *See Walker v. Camp Brighton Prison*, No. 15-12153, 2015 WL 3968229 (E.D. Mich. June 30, 2015); *McIntosh v. Camp Brighton*, 14-11327, 2014 WL 158173 (E.D.

Mich. Apr. 21, 2014). The Court must therefore dismiss Santana's Complaint because she has failed to state a claim upon which relief may be granted against the only defendant identified in this action.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B).  This dismissal is without prejudice to Santana filing a new Complaint against a properly-named defendant. Any such new Complaint must comply with the afore-mentioned federal pleading standards.  The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

Dated:  July 29, 2015

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113